826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles B. LOTT, Plaintiff-Appellant,
v.
Richard H. AUSTIN, Secretary of State for State of Michigan,
Defendant- Appellee.
 No. 86-2033.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1987.
 
 Before BOYCE F. MARTIN, NATHANIEL R. JONES, and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated this action in the district court on August 25, 1986, challenging the validity of Mich.Comp.Laws Sec. 168.472a (1973). This statute provides:
 
 
 3
 It shall be rebuttably presumed that the signature on a petition which proposes an amendment to the (Michigan) constitution or is to initiate legislation, is stale and void if it was made more than 180 days before the petition was filed with the office of the Secretary of State.
 
 
 4
 After a hearing, the district court determined that plaintiff had presented no federal question and dismissed his complaint. Plaintiff appeals.
 
 
 5
 Upon review, we agree that plaintiff presented no federal question and therefore no basis for federal jurisdiction. The initiative process is a creature of state law and is not a right secured by the federal Constitution. Wright v. Mahan, 478 F.Supp. 468 (E.D.Vir.1979), aff'd, 620 F.2d 296 (4th Cir.1980); Walgreen Co. v. Illinois Liquor Control Comm'n, 111 Ill.2d 720, 588 N.E.2d 980, appealed dismissed, 106 S.Ct. 2911 (1986) (no federal question). Plaintiff does not assert that the statute invidiously discriminates against a particular class or that any property right was denied him. Furthermore, the statute bears a rational relationship to the state's legitimate concerns. Cf. In re Grand Jury Proceedings, 810 F.2d 580, 587-88 (6th Cir.1987).
 
 
 6
 Therefore, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.